# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| SHAWN RANDALL BARNS, SR., | : | |
| Plaintiff | : | |
| VS. | : | |
| Sergeant BUTCH, Corporal HARTGROVE, Deputy C. ALLEN, Officer PITTMAN, Officer JOHNSON, Officer SMITHWICK, Sheriff BILL MASSEE, and Captain PETTY, | : | NO. 5:10-CV-426 (MTT) |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff **SHAWN RANDALL BARNS, SR.**, currently an inmate at Coffee Correctional Facility, filed this 42 U.S.C. § 1983 lawsuit relating to events that occurred while Plaintiff was confined at the Baldwin County Law Enforcement Center ("BCLEC"). In compliance with this Court's November 15, 2010, Order, Plaintiff has supplemented his complaint. Plaintiff has previously been permitted to proceed *in forma pauperis*.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir.

2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff asserts three separate claims. First, he alleges that on December 9, 2009, Defendant Corporal Hartgrove assaulted Plaintiff "to the point that he 'split [Plaintiff's] eye open.'" Plaintiff was then moved to a cell in booking, which Hartgrove, Defendant Deputy C. Allen, and Defendant Sergeant Butch entered. Butch allegedly tasered Plaintiff while he was handcuffed, which resulted in Plaintiff's head being "split open" (presumably as a result of a fall) and the wound requiring stitches.

Second, Plaintiff states that he is allergic to poultry and that virtually all meals at the BCLEC are poultry-based. Plaintiff informed an unspecified booking officer about his condition and the officer notified "medical." Plaintiff alleges that it took a week before he was placed on a poultry-free diet, during which time he "had to live off of what [he] got from the store call."

Finally, Plaintiff complains about an incident that occurred on June 4, 2010. On that date, Hartgrove and Allen allegedly locked Plaintiff out of his cell, in response to which Plaintiff kicked over a garbage can. According to Plaintiff, Hartgrove and Allen threatened to taser Plaintiff. Ultimately, Allen handcuffed Plaintiff to a table in the presence of Defendant Officers Pittman, Johnson, and Smithwick. Plaintiff states that the handcuffs were too tight and that he lost feeling in his hands. Pittman loosened the handcuffs an hour later.

In addition to the above individuals, Plaintiff names Sheriff Bill Massee and Captain Petty as Defendants, but does not include any allegations against them.

## III. DISCUSSION

### A. Food Claim

Plaintiff was not forced to eat poultry-based items at the BCLEC. Nor has he alleged that he suffered from any serious health problems or other injury as a result of the week he had to "live off of" food items from the BCLEC store. Plaintiff does not name any responsible individual with respect to this claim, and BCLEC officials provided Plaintiff with a special diet within a reasonable time. Accordingly, it is **RECOMMENDED** that Plaintiff's food claim be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

### B. Deputy Allen and Officers Pittman, Johnson, and Smithwick

As the Eleventh Circuit Court of Appeals has held:

> [t]he Eighth Amendment ban on cruel and unusual punishment protects prisoners from punishment involving "the unnecessary and wanton infliction of pain [and] the imposition of pain totally without penalogical justification." ***Evans v. Dugger***, 908 F.2d 801, 803 (11th Cir.1990). When prison guards use force in the context of a security measure, the issue ultimately turns on "whether force was applied in good effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." ***Whitley v. Albers***, 475 U.S. 312, 320-321, 106 S.Ct. 1078, 85 L.Ed.2d 251(1986) (quoting ***Johnson v. Glick***, 481 F.2d 1028, 1033 (2d Cir.1973)). To establish a claim for excessive force, the plaintiff must show that (1) the defendants acted with a malicious and sadistic purpose to inflict harm and (2) that more than a *de minimis* injury resulted. *See **Johnson v. Breeden***, 280 F.3d 1308, 1321 (11th Cir.2002).

*McReynolds v. Ala. Dep't of Youth Servs.*, 204 F. App'x 819, 821-22 (11th Cir. 2006); *Lee v. Griner*, 188 F. App'x 877, 878 (11th Cir. 2006).[1]

The Court concludes that Plaintiff has not alleged sufficient facts to state a claim arising out of the handcuffing incident of June 4, 2010. Certainly prison officials were justified in restraining Plaintiff after he overturned a garbage can. Morever, Plaintiff does not allege that Defendant Allen acted maliciously or otherwise intended to cause unnecessary pain in handcuffing Plaintiff. Defendant Pittman loosened the handcuffs after an hour, and Plaintiff alleges no injury other than a *de minimis* one - a loss of feeling in his hands during this hour. *See also* 42 U.S.C. § 1997e(e).

To the extent Plaintiff complains that Defendants Hartgrove and Allen threatened to taser him, mere threats or verbal abuse do not constitute a violation of a federal constitutional right. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.), *cert. denied*, 464 U.S. 988 (1983).

In light of the foregoing, it is **RECOMMENDED** that Defendants Allen, Pittman, Johnson, and Smithwick be **DISMISSED**. As indicated below, Plaintiff's claims against Hartgrove and Allen related to the December 9, 2009 incident will be allowed to go forward.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

---

[1] It appears that Plaintiff a pretrial detainee during part of his time at the BCLEC. For purposes of this Court's analysis, it is irrelevant whether he was in fact a pretrial detainee or instead a convicted prisoner when the above incidents occurred. The Eleventh Circuit has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." *Hamm v. DeKalb Co.*, 774 F.2d 1567, 1574 (11th Cir. 1985).

### C. Sheriff Bill Massee and Captain Petty

Plaintiff makes no factual allegations against Defendants Massee and Petty. It is possible that Plaintiff believes that they are liable in their capacity as supervisors. Supervisors are not responsible for the actions of subordinates under section 1983. Instead, a supervisor may be liable only if he: "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)). Because plaintiff has not alleged any of the above prerequisites for supervisory liability, it is **RECOMMENDED** that Sheriff Bill Massee and Captain Petty be **DISMISSED** as defendants herein.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may serve and file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

### D. Corporal Hartgrove, Sergeant Butch, and Deputy Allen

Construing the complaint liberally in favor of Plaintiff, as this Court is required to do at this early stage of the proceeding, the Court finds that Plaintiff has alleged colorable claims against Corporal Hartgrove, Sergeant Butch, and Deputy Allen, related to the alleged assaults on December 9,2009. Accordingly, the Court will allow the complaint to proceed against these defendants.

Accordingly, it is hereby **ORDERED** that service be made against Defendants Hartgrove, Butch, and Allen, and that they file a Waiver of Reply, an Answer, or such other response as may

be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that she must diligently prosecute her complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, discovery, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court

will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties.

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing

counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, she shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In

addition, plaintiff's complaint is subject to dismissal if she has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under Local Rule 72, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U.S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide election forms to the parties and/or to their legal counsel, if represented. Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days. Counsel may execute election forms on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the election forms on whose behalf the form is executed.

**SO ORDERED AND RECOMMENDED**, this 11th day of January, 2011.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge