IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **SHAWN RANDALL BARNS, SR.,** : | |
| Plaintiff, : | NO.  5:10-CV-426 (MTT) |
| VS. : | |
| **SGT. BUTCH,** *et al.*, : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. : | Before the U.S. Magistrate Judge |

## ORDER

On July 12, 2011, Defendants filed a Motion for Summary Judgment.  Doc. 12.  The following day, the Court entered an order allowing Plaintiff twenty one days in which to file a response.  Doc. 15.  On July 25, 2011, Plaintiff filed a response asking the Court to dismiss the Motion on the basis that he had not yet been served with a copy.  Doc. 16.  On August 9, 2011, Defendants opposed Plaintiff's request and explained that they were serving an additional copy of their summary judgment motion and materials upon Plaintiff.  Doc. 17.

On October 25, 2011, after noting that Plaintiff had still not filed a response to the Defendants' Motion, the Court entered a second order directing Plaintiff to file his response on or before November 15, 2011.  Doc. 19.  On November 14, 2011, Plaintiff filed a Motion for an Extension of Time to respond to the Defendants' Motion for Summary Judgment along with a request for court  appointed counsel.  Doc. 20.

After review, and with regard to Plaintiff's request for additional time in which to file a response, the request is **GRANTED**.  Plaintiff shall have until no later than **December 2, 2011** in which to prepare and file a response to the Defendants' Motion for Summary Judgement.  No further extensions will be permitted.  Moreover, should Plaintiff fail or refuse to timely prepare and file a response, he is hereby notified that the statements set forth in the Defendants' affidavits or other sworn pleadings may be accepted as the truth and that the Court will proceed to consider the Motion as unopposed.

With respect to Plaintiff's desire for court appointed counsel, for the reasons set forth below, the request is **DENIED**. Generally speaking, there is no right to appointed counsel in civil rights actions. See Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1986); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). Appointment of counsel is a privilege that is justified only by exceptional circumstances. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. Holt v. Ford, 682 F.2d 850, 853 (11th Cir. 1989).

In accordance with Holt, and upon a review of the record in this case, the Court notes that the Plaintiff has set forth the essential factual allegations underlying his claims, and that the applicable legal doctrines are readily apparent. As such, there is no present need to provide him with legal counsel. Should it later become apparent that legal assistance is required in order to avoid prejudice to the Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, **no additional requests for counsel will be necessary.**

**SO ORDERED**, this 15th day of November, 2011.

                                           s/ Charles H. Weigle
                                           Charles H. Weigle
                                           United States Magistrate Judge